## HENRY DOYLE *v*. THE STATE.

1. FILE-MARKS. — Unless the transcript of a felony case shows that the charge of the court was filed, the conviction will be set aside.

2. THEFT. — Indictment for the theft of several articles may allege an aggregate value to the whole; but to sustain a conviction on such an indictment, it is necessary that the proof show the theft of all the articles. The better practice, therefore, is to allege a separate value to each article.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The indictment charged the theft of some half a dozen articles of merchandise, worth $25 in all.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. There is nothing in the record to show that the charge of the court, or any other paper copied into the transcript, has been filed. The failure in a case of felony to show that the charge had been filed has been held by this court as fatal to a judgment of conviction.

The indictment, instead of stating the separate value of each article alleged to have been stolen, gives the aggregate value of the whole. It is best to give a separate value of each distinct article included in an indictment, as otherwise the offense must be made out as to all the articles, as the grand jury has ascribed a value to all of them collectively. If only a collective value is given, the verdict will be sustained if the defendant is found guilty of stealing all the articles named.

In the case of *Thompson* v. *The State*, 43 Texas, 270, the Supreme Court says : " When the difference between grand and petit larceny is distinguishable merely by the value of the property stolen, not only must its value be stated, but where several articles are stolen, unless the value of each article stolen is alleged, instead of the aggregate value of the whole, if there is a failure in the proof of the larceny of some of them, a general verdict would not be justified by the evidence, or warrant a judgment, because in such case the indictment would not show the value of the articles proved to have been stolen, or the grade of the offense of which the defendant should be adjudged guilty."

As this case will be reversed, it is unnecessary for us to express an opinion as to whether or not the evidence proves that the value of the property stolen was $20.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*